ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Lockheed Martin Aeronautics Company | )   ASBCA No. 62209 |
| | ) |
| Under Contract No. FA8625-07-C-6471 | ) |

APPEARANCES FOR THE APPELLANT:     Stephen J. McBrady, Esq.
J. Chris Haile, Esq.
Skye Mathieson, Esq.
John Nakoneczny, Esq.
Michelle D. Coleman, Esq.
  Crowell & Moring LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Jeffrey P. Hildebrant, Esq.
  Air Force Deputy Chief Trial Attorney
Caryl A. Potter, III, Esq.
Lawrence M. Anderson, Esq.
Danielle A. Runyan, Esq.
  Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE PAGE
ON APPELLANT'S MOTION TO COMPEL DISCOVERY

Lockheed Martin Aeronautics Company (LMA, appellant) asserted the claim underlying this appeal against the Air Force (Air Force, government) for allegedly excessive "over & above" work that resulted in greater costs and cumulative lack of productivity on a contract for upgrading C-5 Galaxy aircraft. The parties are engaged in discovery but have repeatedly come to the Board to settle disputes surrounding ongoing discovery issues. Appellant now moves to compel the Air Force to provide more complete responses to a set of interrogatories. This is not the first motion to compel that has been filed in this appeal but the Board is optimistic that this will be the final one and will guide the parties in working together to resolve any future discovery disputes. We grant appellant's motion to compel.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. We have already provided the background facts pertinent to this appeal in the Laches decision dated June 22, 2021. *Lockheed Martin Aeronautics Co.*, ASBCA No. 62209, 21-1 BCA ¶ 37,891. Familiarity with that decision is assumed for

purposes of the resolution of this motion to compel.  Appellant filed its first motion to compel on April 21, 2021.  That motion was granted by Board Order dated May 10, 2021.  Over the course of this appeal, discovery has become increasingly contentious.  On June 3, 2021, appellant filed its second motion to compel discovery.  That motion focused on a Defense Contract Audit Agency (DCAA) audit report and audit related materials.  That motion now appears to be moot in light of appellant receiving the requested audit report from DCAA; the Air Force indicated that there are no related documents in its possession.

2.  On July 26, 2021, appellant filed a motion to compel further responses.  Again, appellant is requesting the Board to compel the government to respond to its first set of interrogatories.  Appellant alleges that the bulk of the government's initial responses were non-responsive and inadequate.  In particular, appellant alleges that the Air Force objected to the first interrogatory and then cross-referenced this response in 25 of the 41 interrogatories served initially (app. mot. at 5).  The government's response to interrogatory one reads in pertinent part, "Respondent objects to this interrogatory on the basis that, in addition to being unduly burdensome to attempt to locate anyone who might be able to remember any information relevant to this interrogatory, it seeks information that could not possibly lead to the discovery of any relevant evidence . . . ." (app. mot. attach. 1 at 4).  Appellant further alleges that responses to interrogatories 26, 27, 28, 29, 31, and 32 are "incomplete or evasive" (app. mot. at 15, 19-27).

3.  On August 13, 2021, the government responded in opposition to appellant's motion arguing, "Each answer responds or objects to each discovery request in full accordance with Board Rule 8 and Federal Rule of Civil Procedure 26(b)" (gov't opp'n at 4).

DECISION

I.  Legal Standards

The Contract Disputes Act empowers the Board to "authorize depositions and discovery proceedings" during the course of appeals.  41 U.S.C. § 7105(f).  Board Rule 8 further addresses discovery needs for cases before it; Rule 8(c)(3) provides that "the Board may upon motion order [a] request for the production, inspection, and copying of any documents, electronic or otherwise, or objects, not privileged, which reasonably may lead to the discovery of admissible evidence . . . ."

Additionally, "[a]lthough not binding on the Board, we also look to the Federal Rules of Civil Procedure (FED. R. CIV. P.), and decisions addressing those rules, for guidance in discovery disputes." *Sand Point Servs., LLC,* ASBCA Nos. 61819, 61820, 21-1 BCA ¶ 37,785 at 183,378 (citing *Thai Hai*, ASBCA No. 53375, 02-2 BCA ¶ 31,

2

971 at 157,920; *Ingalls Shipbuilding Div., Litton Sys., Inc.*, ASBCA No. 17177, 73-2 BCA ¶ 10,205 at 48,096). FED. R. CIV. P. 26(b)(1) allows for broad discovery subject to certain limits; of particular consequence here are relevance and proportionality.

While relevance is considered quite broadly, it is not without limits. *Micro Motion Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322 (Fed. Cir. 1990) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The Board has previously held that, "It is well established that the concept of relevance in discovery proceedings is broader than that which governs admissibility of evidence at the trial." *Ingalls Shipbuilding Div., Litton Sys., Inc.,* 73-2 BCA ¶ 10,205 at 48,096. Further, "it matters not for the purposes of discovery which side's theory of the case might ultimately be proven correct. What matters is that each side is entitled to pursue intelligible theories of the case and [the parties] cannot, by their sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit their own theory of the case." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014).

In addition to relevance, discovery can be limited by proportionality. This provision is "not [] treated as separate and discrete grounds to limit discovery so much as indicia of proper use of discovery mechanisms . . . ." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2008.1 (3d ed. 2004). "Judges relatively frequently limit or forbid discovery when the cost and burden seem to outweigh the likely benefit in producing evidence . . . . [W]hen relevance has been demonstrated courts will scrutinize claims that the burden of producing requested information is disproportionate; and an unsupported burden objection is not a guaranteed protection against responding to discovery." *Id.* The 2015 Advisory Committee Notes to Fed. R. Civ. P. 26 indicate that the 2015 amendment which "emphasize[d] the importance of proportionality," *id.,* was not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Further, "In assessing proportionality, Rule 26(b) considers 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Corinthian-WBCM, JV*, ASBCA No. 62379, 21-1 BCA ¶ 37,864 at 183,862 (citing FED. R. CIV. P. 26(b)(1)). "[I]nformation is also proportional because it directly relates to [parties'] arguments." *Corinthian-WBCM, JV*, 21-1 BCA ¶ 37,864 at 183,862.

3

II. Appellant Has Shown that the Discovery Requests Are Relevant and the Government Has Failed to Show that the Requests Are Disproportionate

The government's objections to appellant's motion to compel further responses focused on what the government views as insufficient facts for appellant to prove its claim. That is not the standard for determining the relevance of discovery. Appellant has been clear on its intent to utilize the measured mile approach. It is not for the government to decide, especially at the discovery stage, whether appellant can be successful on its method of proof. Appellant is free to pursue its theory of the case and propound discovery that it hopes to support this theory even if the evidence is ultimately inadmissible at the hearing stage. *Ingalls Shipbuilding Div., Litton Sys., Inc.,* 73-2 BCA ¶ 10205 at 48,096. Additionally, measured mile is not a disfavored approach before the Board; appellant will still need to provide proof of its claim. The government's recalcitrance to participate in discovery because it does not want to engage with appellant on its theory of the case is insufficient argument that the requested information is irrelevant and therefore undiscoverable. LMA has made compelling arguments that the information requested through these interrogatories is relevant to its claim and its use of the measured mile approach (*see* app. mot. at 8-9).

Finally, the government's boilerplate objections are insufficient to show these discovery requests are disproportionate. The government's opposition to appellant's motion focused on the relevancy of requested information so the Board is unable, at this time, to determine the veracity of the government's generalized objection of its "unduly burdensome" discovery responses. The response to interrogatory one that is cross-referenced repeatedly in its other interrogatory responses, that it was "unduly burdensome *to attempt to locate* anyone who might be able to remember any information relevant to this interrogatory," does not indicate to us that the government has given a good faith effort to respond to these interrogatories or consider what actual burden the government may encounter in trying to respond. (SOF ¶ 2) (emphasis added)

## CONCLUSION

Appellant's motion to compel further responses is granted. The government is ordered to comply and respond to appellant's first set of interrogatories, with the exception of interrogatories 37 and 38 which appellant indicates have been answered.

4

The government may renew objections to discovery, as necessary, while keeping in mind the relevance and proportionality standards enumerated above.

Dated: October 26, 2021

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62209, Appeal of Lockheed Martin Aeronautics Company, rendered in conformance with the Board's Charter.

Dated: October 27, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5